UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BRETT CUMMINS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-134-RLY-WGH |
| | ) | |
| TOWN & COUNTRY FORD, INC., | ) | |
|     Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE**

On October 4, 2010, Town and Country Ford, Inc. ("Defendant"), filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). This matter is now before the court on Brett Cummins' ("Plaintiff") motion to strike Defendant's Reply.

Plaintiff argues that Defendant's Reply should be stricken because: (1) it was untimely filed, and (2) it adds new arguments not referenced in the original motion to dismiss. Plaintiff's first argument can be disregarded because on November 9, 2009, the court granted Defendant's motion for an extension of time to file the Reply. Plaintiff's second argument supports Plaintiff's motion to strike because Defendant attaches a separate motion to compel arbitration to the Reply. Local Rule 7.1(a) states that: "[e]ach motion shall be separate . . . [a] new motion shall not be incorporated within a brief, response, or reply to a previously filed motion . . . ." L.R. 7.1(a). Thus, on it's face, Defendant's Reply violates Local Rule 7.1(a). Therefore, the court **GRANTS** Plaintiff's

1

motion to strike Defendant's Reply (Docket # 14).

Plaintiff also argues that Defendant's actual motion to dismiss violates the local rules because it does not contain a separate moving brief. Local Rule 7.1(a) states that: "[a] motion to dismiss . . . under Rule 12 of the Fed. R. Civ. P. . . . shall be accompanied by a separate supporting brief." L.R. 7.1(a). Defendant did not file a moving brief with the motion to dismiss; however, Defendant did attempt to do so in the Reply, as evidenced by it's title: "Reply to Plaintiff's Response In Opposition to Defendant's Motion to Dismiss and *Brief In Support of Defendant's Motion to Dismiss* and Motion to Compel Arbitration" (emphasis added). Defendant's attempt to package three separate documents – a reply brief, a moving brief, and a motion – is inappropriate, and a violation of the Local Rules. Therefore, the court elects to strike Defendant's motion to dismiss based on Defendant's failure to comply with the Local Rules.

As a final note, a motion to dismiss is not the appropriate method for disposing of Plaintiff's claims. Pursuant to the Federal Arbitration Act, a motion to stay is the proper course of action when claims presented to a court are referable to arbitration under a written arbitration agreement. *See* 9 U.S.C. § 3; *see also Flynn v. AerChem, Inc.*, 102 F.Supp 2d. 1055, 1058 (S.D. Ind. 2000). Accordingly, the Clerk is directed to strike Defendant's motion to dismiss (Docket # 11).

Defendant may file a motion to stay, if he so chooses, within thirty (30) days of the date of this entry.

**SO ORDERED** this 19th day of January 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Kyle Frederick Biesecker
BIESECKER DUTKANYCH & MACER, LLC
kfb@bdlegal.com

Robert R. Faulkner
rrfaulk@evansville.net

Leslie C. Shively
SHIVELY & ASSOCIATES, P.C.
lcs@shivelypc.com