UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BRETT CUMMINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-cv-134-RLY-WGH |
| | ) | |
| TOWN & COUNTRY FORD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION TO STAY FURTHER PROCEEDINGS,
STAY DISCOVERY, AND TO COMPEL ARBITRATION**

On January 28, 2011, the Defendant, Town & Country Ford, Inc., filed a Motion to Stay Further Proceedings; Stay Discovery and to Compel Arbitration. The court, having considered the motion, all filed documents and relevant law, and being duly advised, hereby enters the following ruling.

**A.     Background**

Plaintiff, Brett Cummins ("Cummins"), was hired by Town & Country Ford, Inc. ("Town & Country") on June 27, 2005. (Affidavit of Robert L. Fowler ("Fowler Aff.") ¶ 4). He served as a finance manager. (Affidavit of Brett Cummins ("Cummins Aff.") ¶ 2).

At the time of his initial hire in June 2005, Cummins was provided with and signed an Agreement and Receipt for Dispute Resolution Program. (Motion to Stay at Ex. B). The Agreement indicated that Cummins and Town & Country agreed "that all legal

claims or disputes *covered by the Agreement* must be submitted to binding arbitration . . . ." (*Id.*)(emphasis added). The Agreement also states:

> This Policy shall constitute the entire agreement between the Employee and Company for the resolution of Covered Claims. The submission of an application, acceptance of employment or the continuation of employment by an individual shall be deemed to be acceptance of the dispute resolution program. No signature shall be required for the policy to be applicable.

(*Id.*, p. 1). Finally, the Agreement provided:

> **REQUIREMENTS FOR CHANGE OF AGREEMENT**. This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified by mutual consent evidenced by a writing signed by both parties that specifically states an intent to revoke or modify this Agreement.

(*Id.*, p. 2).

On that same day, Cummins was also provided with a program booklet for Town & Country's dispute resolution program. (Motion to Stay at Ex. A). The booklet explained that "[t]his policy describes the steps that both you and the Company must take to resolve many types of workplace problems." (*Id.*, p. 1). One such step was arbitration – which the booklet explained was required for a "work-related problem that involves one of your legally protected rights." (*Id.*, p. 3). The term "legally protected rights" is defined in the document and specifically includes claims for "wrongful termination" and "discrimination." (*Id.*, p. 4). Furthermore, it provided:

> **THIS PROGRAM IS A CONDITION OF YOUR EMPLOYMENT AND IS THE MANDATORY AND EXCLUSIVE MEANS BY WHICH THOSE PROBLEMS MAY BE RESOLVED, SO READ THE INFORMATION IN THIS PROGRAM BOOKLET CAREFULLY.**

(*Id.,* p. 1).

Cummins voluntarily left his employment with Town & Country in April or June 2008 and began working for another car dealership. (Fowler Aff. ¶ 4; Cummins Aff. ¶ 2).[1]

Cummins was rehired by Town & Country approximately six months later in either September 2008 or January 2009. (Fowler Aff. ¶ 5; Cummins Aff. ¶ 3). Cummins's new position was as Sales Manager of Town & Country's main location. (Cummins Aff. ¶ 3). He avers that he signed no paperwork, including no arbitration agreement, during his second term of employment with Town & Country and was not made aware of any arbitration agreement through discussion or otherwise. (*Id*. ¶¶ 4-5).

Cummins's employment with Town & Country was terminated on September 23, 2009. (Fowler Aff. ¶ 5). He then filed suit against Town & Country for wrongful termination, alleging that he was retaliated against for his actions in the investigation of a charge of discrimination filed by a co-employee. Town & Country filed the pending motion, arguing that Cummins voluntarily agreed to binding arbitration, thereby waiving his right to have this Title VII claim resolved judicially. Cummins responded by asserting that he is not bound by the arbitration agreement because it only applied to his first term of employment, and he never signed or was provided with a second arbitration agreement

---

[1] The Affidavits of Cummins and Fowler do not agree on the date that Cummins left his employment with Town & Country or the date when he returned. The differences do not materially affect the outcome of this motion.

during his second term of employment. Having reviewed the arguments of the parties and the relevant evidence and legal authorities, the court concludes that the Motion to Stay Further Proceedings; Stay Discovery and to Compel Arbitration must be granted.

**B.     Discussion**

The Supreme Court has found that statutory claims, such as a claim of retaliation under Title VII, may be the subject of a contractual agreement to submit to binding arbitration. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). "An agreement to arbitrate is treated like any other contract. If there is no contract there is to be no forced arbitration." *Gibson v. Neighborhood Health Clinics, Inc.,* 121 F.3d 1126, 1130 (7th Cir. 1997). In order to ascertain whether or not a valid arbitration agreement exists, federal courts should look to the contract law of the state in which the contract arose – in this case, Indiana. *Id.*

The Indiana Court of Appeals has explained that in order to be enforceable, an agreement to submit to arbitration "must be in writing and evince an intention to resolve some controversy through arbitration." *Novotny v. Renewal by Andersen Corp.*, 861 N.E.2d 15, 20 (Ind. Ct. App. 2007). Looking to Indiana contract law, the Seventh Circuit in *Gibson* concluded that there must first be consideration in order to enforce an arbitration agreement, and that "[o]ften, consideration for one party's promise to arbitrate is the other party's promise to do the same." *Gibson,* 121 F.3d at 1131.

In this case, the original arbitration agreement was an enforceable agreement under Indiana law, as it was in writing, it did evince an intention on the part of Cummins and

4

Town & Country to resolve certain disputes via arbitration, and it was supported by consideration because Town & Country agreed to submit to arbitration as well.

The issue which remains is whether the Agreement and Receipt for Dispute Resolution Program continued to apply to Cummins after he terminated his employment and when he recommenced employment. This discussion requires interpretation of the contract under Indiana law.

The pertinent parts of the Agreement state:

> This Policy shall constitute the entire agreement between the Employee and Company for the resolution of Covered Claims. *The submission of an application, acceptance of employment or the continuation of employment by an individual shall be deemed to be acceptance of the dispute resolution program. No signature shall be required for the policy to be applicable.*
>
> * * * * *
>
> **REQUIREMENTS FOR CHANGE IN AGREEMENT**. This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified by mutual consent evidenced by a writing signed by both parties that specifically states an intent to revoke or modify this Agreement.

(Motion to Stay at Ex. B)(emphasis added).

In this case, as stated, the policy is the entire agreement between the parties. When Cummins returned to employment with Town & Country, this constituted "acceptance of employment" or "the continuation of employment" under the Agreement. No additional signature was required to accept the "mutual promise to resolve claims . . . ." The language specifically provides that the Agreement "survives" the termination of employment, and there is no evidence that the Agreement was revoked by "mutual

5

consent evidenced by a writing signed by both parties" as called for in the Agreement.

**C.      Conclusion**

Defendant Town & Country Ford, Inc.'s Motion to Stay Further Proceedings; Stay Discovery and to Compel Arbitration (Docket # 23) is **GRANTED.**  Although a better practice would require employees returning to employment to re-sign the Agreement, the clear and unambiguous language of the document establishes that the agreement to arbitrate survived the termination of employment and was not revoked.  The acceptance of employment was sufficient to be deemed acceptance of the mutual obligation to arbitrate, even without an additional signature.

The parties are directed to report on the progress of the arbitration at a **TELEPHONIC STATUS CONFERENCE** hereby set for **WEDNESDAY, NOVEMBER 9, 2011,** at 4:00 p.m., Evansville time (CST), before Magistrate Judge William G. Hussmann, Jr.  Each counsel wishing to participate in this conference shall individually place a call to (317) 229-3960 at the time of the conference.[2]

---

[2]This is the court's bridge line.  The first person to call the number will hear a tone and then dead air.  As each additional person calls the number, they will hear a tone and then will be able to talk to all other persons who have previously connected to the conference call.

The settlement conference set for May 24, 2011, before the Magistrate Judge is **VACATED.**

**SO ORDERED** this 13th day of April 2011.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kyle Frederick Biesecker
BIESECKER DUTKANYCH & MACER, LLC
kfb@bdlegal.com

Robert R. Faulkner
rrfaulk@evansville.net

Leslie C. Shively
SHIVELY & ASSOCIATES, P.C.
lcs@shivelypc.com